# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| 1199SEIU UNITED HEALTHCARE WORKERS EAST, ) ) ) | |
| ) | No. 1:20-cv-24069-RNS |
| Plaintiff, ) ) | |
| ) | Hon. Robert N. Scola, Jr., |
| v. ) | District Judge |
| ) | |
| LOUIS DEJOY, Postmaster ) | Hon. Jonathan Goodman, |
| General and Chief Executive ) | Magistrate Judge |
| Officer of the United States Postal ) | |
| Service; and the UNITED STATES ) | |
| POSTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

## JOINT MEMORANDUM OF THE PARTIES

Plaintiff 1199SEIU United Healthcare Workers East, and Defendants USPS and the Postmaster General of the United States, are aligned in their goal of making sure that all ballots are transferred into the hands of county Supervisors of Elections in Florida on Election Day in time to be counted. On Friday, October 16, 2020, Plaintiff filed an emergency motion for preliminary injunction seeking an order that Defendants implement certain processes to achieve this goal; on Wednesday, October 21, 2020, Defendants responded to that motion and, notably, included a memorandum issued the day earlier by USPS that authorized and "expected" that certain "extraordinary measures" would be implemented to speed election mail on to its destination. On Thursday, October 22, 2020, the Court held a hearing on the preliminary injunction motion at which Plaintiff clarified that it was happy to recast the relief it sought in the terms that USPS had explicitly authorized in the extraordinary measures memorandum. Plaintiff emphasized the need for

1

assurances that two key issues would be addressed: (1) that USPS have specific plans and agreements at the local level with county Supervisors of Elections specifying how ballots were to be transferred into the custody of the latter by the election night deadline (the "handoff" relief); and (2) that USPS implement a "hub and spoke" model of ballot delivery on Election Day and the days immediately prior, so that ballots travel directly to a local hub or servicing office for delivery to the county Supervisor of Elections, rather than traveling to a potentially far-flung sorting facility that would result in a round-trip potentially delaying delivery until after the deadline (the "hub-and-spoke" relief). Plaintiff also sought obligations for USPS to report on its compliance with such measures.

On Friday, October 23, 2020, following the preliminary injunction hearing, the Court issued a non-final order in which the Court directed the parties to, among other things, "continue to meet and confer in an effort to come up with reasonable feasible methods to ensure that all ballots in Florida are timely delivered by the United States Postal Service in accordance with Florida law so they may be counted in the upcoming election on November 3, 2020." *See* Non-Final Order on Plaintiff's Emergency Motion for Preliminary Injunction, ECF No. 47, at 1. The Court scheduled a further hearing for 9:00am on October 28, 2020, but directed the parties to notify the court by 3:00pm on October 27, 2020 "[s]hould [they] reach a full agreement on the matters raised by the Plaintiff in its emergency motion after their conferral" or, "if a full agreement is not reached," to "submit a memorandum to the Court detailing what agreements have been reached and what issues remain to be solved by the Court by that same deadline." *Id.* at 1–2.

The parties have met and conferred diligently and are pleased to report that they have reached agreement on most issues and that only two items remain in dispute. In particular, the parties agree as follows:

1. As detailed in the attached declaration, the U.S. Postal Service represents that postal officials in each postal district have made [or shortly will have made] arrangements with every county Supervisor of Elections in Florida to transfer ballots into the custody of the latter on Election Day by delivering ballots to the Supervisor of Elections and/or arranging for pickup of ballots by a representative of the Supervisor of Elections. A county-by-county account of these plans is detailed in the attached declaration.

2. As detailed in the attached declaration, the U.S Postal Service represents that every county in Florida plans to implement a hub-and-spoke plan for November 2, 2020 and November 3, 2020, in order to route ballots in the mail stream within or near the destination county directly to the destinating county Supervisor of Elections. A county-by-county summary of these plans is detailed in the attached declaration

3. The U.S. Postal Service agrees that if Postal headquarters' officers or an election coordinator in one of the three postal districts encompassing Florida learns reliable information that there is a material change to, or departure from, the procedures described in paragraphs 1 or 2 and the attached declaration, it will notify Plaintiff, through counsel, of the material change no later than the conclusion of the business day on which they learn such reliable information. A material change would be an event akin to the Postal Service no longer using a hub-and-spoke plan in a particular county; it would not include changes to pick-up or drop-off times, or the decision to switch a pick-up to a drop-off, or vice-versa. For purposes of this paragraph, a change or departure is material even if it occurs as the result of actions or developments outside the control of the U.S. Postal Service that interfere with compliance with the procedures described in paragraphs 1 or 2 and the attached declaration; a change is not material if undertaken for the purpose of making delivery of ballots faster or more reliable.

Plaintiff has proposed the following additional reporting measures but the parties have not been able to reach agreement on them. The parties' disagreement with respect to the following two items does not impair or condition their agreement with respect to the three items listed above.

4. **Daily all-clear reporting through Election Day.** Plaintiff proposes that the U.S. Postal Service provide Plaintiff, through counsel, with daily "all clear" reports certifying that each postal facility in ten Florida counties, as specified by Plaintiff, has processed all ballots for that day. Such reports shall be provided from October 30, 2020 through November 3, 2020.

5. **Post-election reporting.** Plaintiff proposes that the U.S. Postal Service provide Plaintiff, through counsel, with a report as soon as practicable after the close of polls on Election Day—and in no case later than three business days after Election Day—that describes (i) any departures from the plans described in agreed-upon paragraphs 1 or 2 and their attached Appendices that had not previously been reported; and (ii) whether any ballots were identified in local postal facilities that were not transferred to the custody of the appropriate county Supervisor of Elections on Election Day and the number of such undelivered ballots with respect to each county.

The parties are prepared to discuss these points of disagreement at the hearing scheduled for tomorrow morning. Subject to the Court's resolution of these two disagreements, the parties agree that if USPS complies with these requirements and there are no material changes in circumstances between now and Election Day, the above measures will fully resolve Plaintiff's Emergency Motion for Preliminary Injunction. The parties propose that the Court continue that motion until November 4, 2020, or the date on which USPS complies with any post-election reporting obligation that the Court imposes, whichever comes later, at which point it can be denied as moot, unless either party before that date submits a memorandum seeking further intervention from the Court.

Respectfully submitted,

| | |
|---|---|
| JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General | /s/Jonathan Manes<br>Jonathan Manes<br>RODERICK & SOLANGE MACARTHUR<br>JUSTICE CENTER |
| ERIC R. WOMACK<br>Assistant Director, Federal Programs Branch | 160 E Grand Ave, 6th Fl<br>Chicago, IL  60611<br>Tel: 312-503-0012 |
| /s/ Joseph E. Borson<br>JOSEPH E. BORSON<br>KUNTAL CHOLERA | Fax: 312-503-0891<br>jonathan.manes@law.northwestern.edu |
| ALEXIS ECHOLS<br>DENA M. ROTH<br>JOHN ROBINSON (D.C. Bar No. 1044072) | David J. Bradford<br>Daniel J. Weiss<br>Ashley M. Schumacher<br>JENNER & BLOCK LLP<br>353 North Clark Street |
| Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L. Street, NW<br>Washington D.C. 20005<br>(202) 616-8489<br>john.j.robinson@usdoj.gov | Chicago, Illinois  60654-3456<br>Telephone:  (312) 222-9350<br>Fax:  (312) 527-0484<br>dbradford@jenner.com |
| | Nayiri Pilikyan<br>JENNER & BLOCK LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, California 90071-2054<br>Telephone:  (213) 239-5700<br>Fax:  (213) 239-5199<br>npilikyan@jenner.com |
| *Counsel for Defendants* | |
| | Jon Loevy<br>Steve Art<br>Julia Rickert<br>Anand Swaminathan<br>Gayle Horn<br>LOEVY & LOEVY<br>311 N. Aberdeen St.<br>Chicago, IL 60607<br>(312) 243-5900<br>steve@loevy.com |
| | Igor Hernandez<br>CORNISH HERNANDEZ GONAZLEZ<br>2525 Ponce de Leon Blvd. Suite 300<br>Coral Gables, FL 33134<br>(305) 501-8021 |

5

Ihernandez@chglawyers.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

      I, Igor Hernandez, an attorney, hereby certify that on October 27, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will issue a notice of electronic filing to all counsel of record.

                                                  By: /s/ Igor Hernandez
                                                  One of Plaintiff's Attorneys