United States District Court
for the
Southern District of Florida

| | |
|---|---|
| 1199SEIU United Healthcare Workers East, Plaintiff, <br><br> v. <br><br> Louis DeJoy, United States Postmaster General and United States Postal Service, Defendants. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 20-24069-Civ-Scola |

## Second Non-Final Order on the Plaintiff's Emergency Motion for Preliminary Injunction

On October 22, 2020, the Court entered its first non-final order relating to the Plaintiff's emergency motion for preliminary injunction following a hearing by videoconference where both the Plaintiff and Defendants presented arguments and evidence. (ECF Nos. 45, 47.) In its October 22 non-final order, the Court noted it would continue its hearing on the Plaintiff's motion, required the parties to "meet and confer in an effort to come up with reasonable feasible methods to ensure that all ballots in Florida are timely delivered by the United States Postal Service in accordance with Florida law," and further required, by October 27, 2020 at 3:00 p.m., the parties to "submit a memorandum to the Court detailing what agreements have been reached and what issues remain to be solved by the Court" at its October 28, 2020 hearing.

Consistent with the Court's order, on October 27, 2020, the parties submitted a joint memorandum detailing issues where the parties had reached an agreement and issues where disagreements between the parties remained. (ECF No. 49.) On October 28, 2020 at 9:00 a.m., the Court held a second hearing on the Plaintiff's motion by videoconference. (ECF No. 51.) Counsel for both the Plaintiff and the Defendant presented additional arguments on the items that remained in dispute and the Plaintiff presented additional evidence in support of its motion. (ECF No. 50.)

Having considered the parties' arguments, the Court **orders** the following, pursuant to agreement by the parties:

- The United States Postal Service shall ensure that postal officials in each postal district in Florida have made arrangements with every county Supervisor of Elections in Florida to transfer ballots into the custody of the latter on November 3, 2020 by delivering ballots to the Supervisor of Elections and/or arranging for pickup of ballots by a representative of

- the Supervisor of Elections. The government has represented to the Court its understanding that ballots in the custody of the Supervisor of Election, whether delivered by the United States Postal Service or picked-up by a representative of the Supervisor of Elections, will be considered timely delivered under Florida law sufficient to be counted on election day. (ECF No. 49, at 3.)
- The United States Postal Service shall ensure that every county in Florida will implement a hub-and-spoke plan for November 2, 2020 and November 3, 2020, in order to route ballots in the mail stream within or near the destination county directly to the destinating county Supervisor of Elections. (ECF No. 49, at 3.)
- The United States Postal Service shall notify the Plaintiff, through counsel, if Postal headquarters' officers or an election coordinator in one of the three postal districts encompassing Florida learns reliable information that there is a material change to, or departure from, the procedures ordered above (including the procedures detailed in ECF No. 49-1). Notification of such material change shall occur no later than the conclusion of the business day on which the United States Postal Service, Postal headquarters' officers, or an election coordinator in one of the three postal districts encompassing Florida learns of such reliable information. The Court adopts the definition of "material change" as detailed in the parties' joint memorandum. (ECF No. 49, at 3.)

The Court further **orders**:

- The United States Postal Service shall provide the Plaintiff in this matter with the October 30, 2020 all clear report, and any other such October 30, 2020 reports, being provided to United States District Judge Victor Marrero in *Jones et al. v. United States Postal Service et al.*, No. 20 Civ. 6516 (VM). Based on data contained in the report or reports provided to Judge Marrero, by 5:00 p.m. on October 31, 2020, the Defendants shall notify the Plaintiff of any issues of non-compliance with this Court's orders with respect to Florida's Large Counties.[1]

---

[1] At the Court's October 22, 2020 hearing, the Plaintiff identified the ten most "large volume counties" as of particular concern to the Plaintiff. (Hearing Tr., ECF No. 46, 26:14-27:22.) These "large volume counties" are: Miami-Dade, Broward, Palm Beach, Hillsborough, Pinellas, Orange, Duval, Brevard, Lee, and Seminole counties (together, the "Large Counties").

- By Monday, November 2, 2020 at 8:00 a.m., the United States Postal Service shall provide the Plaintiff with all clear reports certifying that each postal facility in Florida's Large Counties has processed all ballots through Sunday, November 1, 2020. When presenting the Plaintiff with the all clear reports, the Defendants shall notify the Plaintiffs of any issues of non-compliance with this Court's orders with respect to the Large Counties.

The Court **defers its ruling** on the Plaintiff's request for the United States Postal Service to provide the Plaintiff with certain post-election reporting. (ECF No. 49, at 4.)

This matter is set for a status conference on **November 2, 2020 at 9:00 a.m.** The status conference will be conducted via videoconference with all participants directed to dial-in 5 minutes prior to the start of the conference. Credentials are as follows: Join ZoomGov Meeting https://www.zoomgov.com/j/1611149457?pwd=ZVRrNzdybE5tRUsyUGYybnZVZ2pWUT09. Meeting ID: 161 114 9457. Passcode: 608715.

**Done and ordered** in Miami, Florida, on October 28, 2020.

_____
Robert N. Scola, Jr.
United States District Judge