IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| 1199SEIU UNITED HEALTHCARE WORKERS EAST, | ) ) ) | No. 1:20-cv-24069-RNS |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Hon. Robert N. Scola, Jr., District Judge |
| LOUIS DEJOY, Postmaster General and Chief Executive Officer of the United States Postal Service; and the UNITED STATES POSTAL SERVICE, | ) ) ) ) ) ) | Hon. Jonathan Goodman, Magistrate Judge |
| Defendants. | ) ) | |

**PLAINTIFF'S STATUS REPORT**

Plaintiff submits this status report in advance of the status conference scheduled for tomorrow, November 2, 2020, in order to update the Court regarding a number of important developments since the last hearing on October 28, 2020, and to offer a revised proposed order. In particular, this report updates the Court regarding (1) a serious problem at a Miami-Dade postal facility that was identified on Friday, October 30, 2020, and (2) the data that the government has produced to Plaintiff to date in response to the Court's October 29 order, ECF No. 52.[1]

---

[1] This report was filed before Plaintiff received the "all clear reports certifying that each postal facility in Florida's Large Counties has processed all ballots through Sunday, November 1, 2020," which USPS is required to provide to Plaintiff by 8am on November 2, 2020. Order, ECF No. 52, at 3. Plaintiff's counsel will be prepared to discuss that report at the status conference.

1

### I. Backlog of undelivered mail and ballots at the Princeton Post Office in Miami-Dade County.

On Friday, October 30, 2020, Plaintiff learned of a significant problem at the Princeton Post Office in Miami-Dade, County. That morning, a senior elected official, Florida House Minority Leader Kionne McGhee, posted a video on Twitter showing many boxes of unprocessed mail stacking up at a postal facility. Leader McGhee's accompanying tweets stated that his source reported that the problem is at the Princeton Post Office in Miami-Dade County; that "mail in ballots are within these [bins] piled up [ . . . ] on the floor;" and that "[m]ail has been sitting for over [a] week." The source further reported that "both [the] Post Master and Postal Inspector are aware of this issue at the Princeton post office" and that the "Post Master is taking photos and videos of the matter" but that they "expect sorting to take them past Tuesday"—*i.e.* beyond the deadline to transfer ballots into the custody of the Supervisor of Elections.[2]

Plaintiff immediately contacted counsel for USPS upon learning about this issue to notify them about the problem and to seek prompt action and an update as soon as possible. Counsel replied promptly to confirm receipt and, later that afternoon, Defendants' counsel stated as follows: "We understand that the Office of the Inspector General and the Postal Inspection Service are at the facility at issue, and it appears they have located seven total ballots; four are out for delivery today, and three are out-of-state ballots which will be sent out as express mail tonight."

---

[2] The Tweet and accompanying video of the mail stacked up in the postal facility is available here: https://twitter.com/kionnemcghee/status/1322214250413215744

Defendants' counsel indicated that they could "provide additional information as they learn more." Plaintiff's counsel followed up with clarifying questions that evening.

Over the weekend, Plaintiff's counsel learned further details through other sources, including press reports[3] and representations that Defendant's counsel made on the record at status conferences before Judge Sullivan in *Vote Forward v. DeJoy*, No. 20-cv-2405 (D.D.C.), which Plaintiff's counsel was able to listen to by telephone. Defendants' counsel provided a further update to Plaintiff's counsel by email at 5:24pm on Sunday, November 1, 2020, that confirmed what Plaintiff had learned through these other sources. In particular, Defendants' counsel reported that, contrary to the initial report of 7 ballots, "a total of 48 ballots have been identified, all of which have either been delivered or are out for delivery." Defendants' counsel further reported that "[a]ll backlogged mail should be delivered by COB tomorrow" and that Postal Inspection Service and USPS Office of Inspector General "have been investigating since late last week" and that "additional USPS resources are on scene to manage the facility in the near term."

A subsequent press report discloses that the U.S. Postal Service's Office of Inspector General "is preparing to sweep other mail facilities in Miami-Dade for

---

[3] *See, e.g.*, Rob Wile & Aaron Leibowitz, *A backlog of mail is piling up at a Miami-Dade post office as Election Day nears*, Miami Herald (Oct. 30, 2020), https://www.miamiherald.com/news/politics-government/election/article246838887.html; Aaron Leibowitz & Rob Wile, *Dozens of undelivered ballots found at Miami-Dade post office with mail backlog*, Miami Herald (Oct. 31, 2020), https://www.miamiherald.com/news/business/article246859527.html.

ballots that haven't reached their destination ahead of the Nov. 3 election." *See* Matias J. Ocner, *Undelivered ballots were found at one Miami-Dade post office. Now others being searched*, Miami Herald (Nov. 1, 2020).[4] The Special Agent in Charge of the Inspector General's South Florida Field Office was quoted in that report confirming that his office would be "conducting several station visits" "over the next couple of days" but did not specify which locations or how many would be searched.[5]

The Princeton Post Office episode is particularly troubling for a number of reasons. First, the Presidents of the South Florida Association of Letter Carriers reports that he learned about the backlog at that facility on October 21, 2020, and reported it to USPS officials on October 23, 2020, and that, evidently, nothing was done. *See* Rob Wile & Aaron Leibowitz, *A Backlog Of Mail Is Piling Up At A Miami-Dade Post Office As Election Day Nears*, Miami Herald (Oct. 30, 2020).[6] Second, the "all clear" data that the Postal Service disclosed to Plaintiff on Saturday, in response to this Court's October 29 order, which required Defendants by 5 p.m. on Saturday to notify the Plaintiff of any issues of non-compliance with this Court's orders with respect to Florida's Large Counties, shows the Princeton Postal Facility reporting itself as "compliant" through at least October 23, 2020, even though it appears mail was already piling up by that point. These facts cast significant doubt on the reliability and truthfulness of all-clear reports and the diligence of postal

---

[4] https://www.miamiherald.com/news/politics-government/election/article246877307.htm. l
[5] *Id.*
[6] Available at: https://www.miamiherald.com/news/politics-government/election/article246838887.html.

managers in the South Florida district. While we appreciate that the Postal Service has apparently responded to this problem swiftly once it was publicized on Twitter and in the news, the fact that the problem was left to fester raises significant questions about the integrity of mail operations, particularly in the South Florida postal district, which encompasses Miami-Dade County.[7]

As a result of this failure, and the troubling signs that all clear data from Miami-Dade county may not be reliable, we propose that the Court order USPS to conduct an inspection of all postal facilities in Miami-Dade county by independent personnel from the Office of the Inspector General or Postal Inspection Service, or to order an equivalent means of ascertaining that, in fact, all facilities reporting "all clears" in Miami-Dade county have in fact processed all ballots and moved them along to their destination. We also propose that the Court embody in an order what USPS has already said it will do, which is to make every effort to deliver every ballot by the state deadline, including by deploying extraordinary measures.

---

[7] It is worth noting that the mail voting data from the Florida Division of Elections as of November 1, 2020, shows that Miami-Dade County has, by far, the largest number of unreturned vote-by-mail ballots still outstanding. That figure stands at 190,410 unreturned ballots as of this morning, which corresponds to 30.4% of all mail-in ballots still unreturned. *See* Florida Vote-by-Mail Request & Early Voting Statistics, https://countyballotfiles.floridados.gov/VoteByMailEarlyVotingReports/PublicStats; U.S. Elections Project, Florida Early Voting Statistics, https://electproject.github.io/Early-Vote-2020G/FL.html. This is the fifth-highest rate of unreturned ballots in the state, and well below the statewide total of 23.6% unreturned ballots.

## II. Data disclosed by the Government in response to the Court's order.

This Court's order required the government to provide the Plaintiff with "the October 30, 2020 all clear report, and any other such October 30, 2020 reports, being provided to United States district Judge Victor Marrero in *Jones et al. v. United States Postal Service et al.*, No. 20 Civ. 6516 (VM)." It further ordered USPS that "[b]ased on data contained in the report or reports provided to Judge Marrero, by 5:00pm on October 31, 2020, the Defendants shall notify the Plaintiff of any issues of non-compliance with this Court's orders with respect to Florida's Large Counties."

At 5:20pm on Saturday, October, 31, 2020, Defendants' counsel provided Plaintiff with "all clear" reports corresponding to all retail/delivery facilities in the South Florida District and all processing plants for the Coastal Southeast Area. Importantly, however, these data were for the week *ending* on October 23, 2020, and were thus already a week old. In response to Plaintiff's question about this, Defendant's counsel indicated that the data provided to Judge Marrero on October 30, 2020, corresponded to the prior week ending October 23, 2020, and, therefore, the Postal Service had produced the local data for the same week, in accordance with this court's order to provided information "based on" the reports to Judge Marrero. At 8:05pm on October 31, 2020, Defendants' counsel provided the all clear data for retail/delivery units in the Gulf Atlantic District, again pertaining to the week ending October 23, 2020. Defendants' counsel also forwarded a copy of the reports it had filed with Judge Marrero. Notably, it does not appear that

Defendants' counsel provided the detailed facility-level all clear reports for Florida's Suncoast postal district. Plaintiff has attached here as **Exhibits 36 through 38** the three documents that Defendants' counsel produced on October 31, 2020.

In addition, and perhaps more important is that Plaintiff learned only this evening that the "all clear" data that USPS is required to provide tomorrow morning by 8am will apparently not include overnight data from processing facilities for November 1, 2020 but will instead include data that is only current as of Saturday night/Sunday morning. Plaintiff's counsel emailed Defendants' counsel earlier today to confirm their understanding that the data that USPS is ordered to produce by 8am on Monday, November 2, 2020 consists of all clear data for all facilities in the Florida's Large Counties current through close of business *Sunday*, November 1, 2020. In response, however, Defendants' counsel reported for the first time that "[t]he all-clear reports are certified at 10am each morning for the previous day" and that "the all-clears do not happen until the morning because the plants are mostly running at night." Defendants' counsel states that "tomorrow we will provide the most current reports, through today." In other words, the data available to Plaintiff and the Court will be a day old. As noted below, Plaintiff proposes that the Court immediately order Defendants to provide the most current all clear reports for Florida's Large Counties, certified at 10:00am on November 2, 2020, no later than 1:00pm on November 2, 2020, and that it likewise provide updated all clear

7

data certified on November 3, 2020 for those counties by 1:00pm on November 3, 2020

Aside from any misunderstandings with respect to the timeliness of the data that USPS was to provide, the data themselves suggest some cause for concern. As already noted, the Princeton Postal Facility reported that it was compliant with all clear procedures every day up through October 23, 2020, even though problems with undelivered mail were reportedly brought to USPS's attention as of October 21, 2020. In addition, there were three facilities that reported less than full compliance that week: Pembroke Pines Branch, Miami Beach, and Flamingo Postal Store. Because the data is a week old, it will not become clear until we receive the more up-to-date data tomorrow morning whether those problems have been resolved.

### III. Proposed further orders

In order to ensure that all ballots are delivered in accordance with deadlines set by state law, Plaintiff proposes that the Court order several items of additional relief, detailed in the attached proposed order.

First, Plaintiff proposes that the Court order USPS to provide to Plaintiffs' counsel no later than 1:00pm E.T. on each of November 2 and November 3, "all clear" reports certifying that each postal facility (including all retail/delivery facilities and processing facilities) in Florida's Large Counties has processed all ballots, with such reports current as of 10:00a.m E.T. on that same day. This proposal extends the Court's existing reporting obligation through Election Day, which is of course the most crucial date for ballot delivery. This proposal also

mirrors a similar order entered by the U.S. District Court for the Eastern District of Washington with respect to the Detroit and Lakeland (Wisconsin) postal districts. *See* Order Regarding Election Mail ¶ 1, *State of Washington v. Trump*, No. 1:20-cv-3127-SAB (E.D. Wash. Oct. 30, 2020).[8] A copy of that order is attached here as **Exhibit 39**.

Second, Plaintiff proposes that the Court order USPS to provide an explanation—whether verbally or in writing—by 2:00pm on November 2, 2020, and November 3, 2020 for any facility the Ten Large Counties that fails to report or that reports non-compliance in the report submitted that morning. This proposal also mirrors the Eastern District of Washington's order. *See* Order Regarding Election Mail ¶ 2, *State of Washington v. Trump*, No. 1:20-cv-3127-SAB (E.D. Wash. Oct. 30, 2020).[9]

Third, Plaintiff proposes that the Court order USPS to make all efforts, including the use of express mail and other extraordinary measures, to ensure that all ballots identified in Florida facilities as part of its "all clear" procedures through Election Day arrive by the 7:00pm deadline on November 3, 2020. This proposal precisely mirrors relief that the Eastern District of Washington issued with respect

---

[8] The Eastern District of Washington has ordered such reporting on a daily basis through November 10, 2020 in the following terms: "Starting November 1, 2020 and continuing through November 10, 2020, each day by 10:00 AM Pacific Time, USPS shall report to the Court the prior day's "all clear" status for each facility and processing center in the Detroit and Lakeland Districts."

[9] The relevant provision of the order states: "By 1:00 PM Pacific Time each day, USPS shall provide an explanation for any facility that fails to report or that reports non-compliance."

9

to the Detroit and Lakeland postal districts. *See* Order Regarding Election Mail ¶ 3, *State of Washington v. Trump*, No. 1:20-cv-3127-SAB (E.D. Wash. Oct. 30, 2020).[10]

Fourth, Plaintiff proposes that the Court determine whether to schedule a status conferences in the late afternoon of November 2, 2020, and/or on November 3, 2020 in case there is a need to address any issues that arise in connection with this Order.

Plaintiffs further request that the Court clarify that any additional relief that it may grant pursuant to the foregoing requests does not relieve USPS from the obligations imposed under this Court's October 29, 2020 Order.

RESPECTFULLY SUBMITTED,

**1199SEIU,** *et al.*

By: /s/ Jonathan Manes
One of Plaintiff's Attorneys

Jonathan Manes
RODERICK & SOLANGE MACARTHUR JUSTICE CENTER
160 E Grand Ave, 6th Fl
Chicago, IL 60611
Tel: 312-503-0012
Fax: 312-503-0891
jonathan.manes@law.northwestern.edu

David J. Bradford
Daniel J. Weiss
Ashley M. Schumacher
JENNER & BLOCK LLP

---

."[10] The relevant provision of the order states: "If USPS identifies any incoming ballots in its 'all clear' processes in [each facility and processing center in the Detroit and Lakeland Districts] from the date of this order through Election Day, it shall make every effort to deliver those ballots by 8:00 PM local time on Election Day as required by Michigan and Wisconsin law, including by using Priority Mail Express and/or other extraordinary measures."

10

353 North Clark Street
Chicago, Illinois  60654-3456
Telephone:  (312) 222-9350
Fax:  (312) 527-0484
dbradford@jenner.com
dweiss@jenner.com
aschumacher@jenner.com

Nayiri Pilikyan
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071-2054
Telephone:  (213) 239-5700
Fax:  (213) 239-5199
npilikyan@jenner.com

Jon Loevy
Gayle Horn
Anand Swaminathan
Steve Art
Julia Rickert
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

Igor Hernandez
CORNISH HERNANDEZ GONAZLEZ
2525 Ponce de Leon Blvd. Suite 300
Coral Gables, FL 33134
(305) 501-8021
Ihernandez@chglawyers.com

Dated:November 2, 2020
       Chicago, IL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27, 2020, a true and correct copy of the foregoing document and all attachments was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Executed on November 2, 2020                /s/ Jonathan Manes
                                                                             *One of Plaintiff's Attorneys*