IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| 1199SEIU UNITED HEALTHCARE WORKERS EAST, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| LOUIS DEJOY, Postmaster General and Chief Executive Officer of the United States Postal Service; and the UNITED STATES POSTAL SERVICE, | ) ) ) ) ) ) |
| Defendants. | ) ) |

No. 1:20-cv-24069-RNS

Hon. Robert N. Scola, Jr.,
District Judge

Hon. Jonathan Goodman,
Magistrate Judge

**PLAINTIFF'S STATUS REPORT**

Plaintiff submits this status report in advance of the status conference scheduled for this afternoon, November 2, 2020, at 5:30pm, in order to update the Court regarding the information exchanged between the parties since this morning's status conference, and the issues that Plaintiff would like to address at this afternoon's conference, including especially the timelines for Defendants to report tonight's all-clear data regarding delivery/retail facilities.

**I.    Update regarding USPS all-clear data and explanations for non-compliant facilities.**

In accordance with this Court's orders dated October 29, 2020 (ECF No. 52) and this morning, November 2, 2020 (ECF No. 56), Plaintiff has received additional all-clear reports regarding Florida mail facilities today at 8:00am ET and 1:00pm

1

ET. Plaintiff is attaching copies of these data, described presently, as exhibits to this status report to ensure the completeness of the record:[1]

- All-clear reports for processing plants in the Coastal Southeast Division for the week ending October 31, 2020. Attached hereto as **Exhibit 40**.[2]

- All-clear reports for delivery/retail facilities in the South Florida Postal District for the week ending October 31, 2020. Attached hereto as **Exhibit 41**.

- All-clear reports for delivery/retail facilities in the Suncoast Postal District for the week ending October 31, 2020. Attached hereto as **Exhibit 42**.

- All-clear reports for delivery/retail facilities in the Gulf Atlantic Postal District for the week ending October 31, 2020. Attached hereto as **Exhibit 43**.

- All-clear reports for processing plants in the Coastal Southeast Division as certified at 10:00am on Sunday, November 1, 2020. Attached hereto as **Exhibit 44**.

- All-clear reports for processing plants in the Coastal Southeast Division as certified at 10:00am on Monday, November 2, 2020. Attached hereto as **Exhibit 45**.

Plaintiff notes that the all-clear reports provided today do not include any data regarding delivery/retail facilities because, per Defendants' representation, those facilities are closed on Sundays and therefore have not reported all-clears. As discussed further below, Plaintiff's counsel has communicated with Defendants'

---

[1] The data were provided to Plaintiff in native Excel spreadsheet format, but are being filed as PDFs in compliance with CM/ECF requirements. The Excel spreadsheets are available from counsel upon request.

[2] While this Court's orders only require USPS to provide all-clear data concerning USPS facilities in ten Large Counties in Florida, USPS has represented that it does not keep data by county and that it is more efficient for it to produce data for the entire postal districts and processing divisions that encompass those Large Counties. Specifically, the Large Counties are encompassed within the Coastal Southeast Division for processing plants and within the South Florida, Suncoast, and Gulf Atlantic Postal Districts with respect to delivery/retail facilities.

2

about the possibility of obtaining all-clear data from such facilities sooner than the 1:00pm deadline on November 3, 2020 that is currently ordered by the Court (ECF No. 56), given that such data will presumably be reported up by such facilities tonight.

The all-clear reports described above show only four instances where facilities did not report full compliance as of the mornings of November 1, 2020, and November 2, 2020. Defendants' counsel has provided prompt, satisfactory explanations for all of these instances, as detailed presently:

First, the Miami processing plant failed to report an all clear on November 1, 2020, but it did report an all clear on November 2, 2020. Counsel for Defendants has provided the following explanation:

> The non-compliance report was a reporting issue, not a substantive one. It looks like the person who normally enters the report wasn't there, and there was a miscommunication in terms of who was the backup. That said, there was no substantive issue regarding ballots: the Plant Manager was on site both Saturday and Sunday, and validated that all available ballots and political mail was cleared, which included not only the inside of the facility, but the facility docks and all trailers that were on the facility premises.

Plaintiff is satisfied with this response.

Second, the Orlando Logistics and Distribution Center ("Orlando L&DC) and Jacksonville processing plants reported that they were non-compliant as of 10:00am on November 1, 2020. Counsel for Defendants has provided the following explanation:

> With respect to the Jacksonville and Seminole (Orlando L&DC) plants, we have confirmed with the relevant regional Vice President and the relevant Division Director, who relayed that these plants did not certify properly over time period because they were still processing Political Mail in the building

3

> at the time of completion. They had completed the processing of ballots – so the issue was not with Election Mail. (This is an issue simply because the all-clear process looks for both Political Mail and Election Mail.)

Plaintiff is satisfied with this explanation.

Third, the Orlando L&DC processing plant again reported that it was non-compliant as of 10:00am on November 2, 2020. Counsel for Defendants has provided the following explanation:

> We confirmed with the Orlando L&DC plant: all election mail and ballots were timely cleared. A limited amount of political mail was not marked all-clear, although that has now been cleared using extra transportation. The site has now cleared all political mail.

Plaintiff is satisfied with this explanation.

## II. Issues proposed to be discussed at the status conference scheduled for 5:30pm today.

Plaintiff has identified at least one issue that it would like to address at the status conference scheduled by the Court for this afternoon at 5:30pm. Specifically, at this morning status conference, counsel for Defendants suggested that USPS delivery/retail facilities may certify their all-clear reports in the evening, after close of business. This is in contrast to processing plants, which run overnight and certify their all-clears at 10:00am. In light of this new information, Plaintiff would like to discuss a minor modification to the reporting deadlines embodied in the Order issued by the Court today.

Specifically, the Court's order currently requires USPS to provide all-clear reports for both delivery/retail facilities and processing plants by 1:00pm tomorrow, November 3, 2020. (ECF No. 56) After receiving the Court's order, Plaintiff

4

proposed to Defendants by email that it would be more efficient and effective for Defendants to report their retail/delivery all clear reports sooner than that—perhaps first thing tomorrow morning, November 3, 2020—if they are indeed available by then.

Earlier reporting of delivery/retail all-clears makes sense for two reasons. First, tomorrow is Election Day and there will be very limited time to address any problems that are reported out tonight. Second, delivery/retail facilities have a particularly important role to play today and tomorrow, as they will be implementing the "hub and spoke" procedures for ballot delivery. Under those procedures, ordered by this Court, ballots collected within or near the destination county are moved directly to a local delivery/retail facility to be transferred to county Supervisor of Elections, *without* being sent to a processing plant. Accordingly, if any delivery/retail facilities report non-compliance with all-clear procedures tonight (or fail to report compliance), that suggests a potential problem that would need to be addressed immediately in order to ensure ballots are delivered within the state deadline of 7:00pm tomorrow. While we hope and expect that USPS will address any such problems without need for judicial intervention, an earlier reporting deadline—if it is indeed feasible—would allow more time to address any problems should they arise.

As noted above, Plaintiff's counsel has raised this issue with Defendants' counsel but the parties have not reached agreement as of the time of this filing.

RESPECTFULLY SUBMITTED,

**1199SEIU,** *et al.*

By: /s/ Jonathan Manes
One of Plaintiff's Attorneys

Jonathan Manes
RODERICK & SOLANGE MACARTHUR JUSTICE CENTER
160 E Grand Ave, 6th Fl
Chicago, IL 60611
Tel: 312-503-0012
Fax: 312-503-0891
jonathan.manes@law.northwestern.edu

David J. Bradford
Daniel J. Weiss
Ashley M. Schumacher
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Fax: (312) 527-0484
dbradford@jenner.com
dweiss@jenner.com
aschumacher@jenner.com

Nayiri Pilikyan
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071-2054
Telephone: (213) 239-5700
Fax: (213) 239-5199
npilikyan@jenner.com

Jon Loevy
Gayle Horn
Anand Swaminathan
Steve Art
Julia Rickert
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900

steve@loevy.com

Igor Hernandez
CORNISH HERNANDEZ GONAZLEZ
2525 Ponce de Leon Blvd. Suite 300
Coral Gables, FL 33134
(305) 501-8021
Ihernandez@chglawyers.com

Dated: November 2, 2020
        Chicago, IL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2, 2020, a true and correct copy of the foregoing document and all attachments was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Executed on November 2, 2020 /s/ Jonathan Manes
*One of Plaintiff's Attorneys*